# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON BRIAN BRAUN, *Plaintiff*, v. U.S. DEPARTMENT OF THE INTERIOR *et al.*, *Defendants*. | Civil Action No. 16-2457 (TJK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Brian Braun, proceeding *pro se*, is a former employee of the Department of the Interior ("DOI") who was based in Albuquerque, New Mexico. After his employment ended in 2010, Braun brought administrative claims that he had been subject to employment-related misconduct, including discrimination based on disability. Those claims were heard by an administrative judge, who granted summary judgment for the agency. DOI adopted the administrative judge's decision. Braun subsequently appealed to the Equal Employment Opportunity Commission (the "EEOC"), which affirmed the dismissal. Braun has brought suit against DOI, the Secretary of the Interior,[1] and the EEOC, alleging misconduct in his employment and the post-employment administrative proceedings.

Defendants have moved to dismiss Braun's claims against the EEOC for failure to state a claim. They also ask the Court either to dismiss the claims against DOI and the Secretary of the Interior for improper venue, or to transfer them to the District of New Mexico. *See* ECF No. 17.

---

[1] It appears that Braun has sued former Secretary Sally Jewell in her official capacity. Defendants have requested that the current Secretary of the Interior, Ryan Zinke, be substituted for former Secretary Jewell pursuant to Federal Rule of Civil Procedure 25(d). The Court agrees that this request is proper and will grant it.

For reasons set forth below, the motion will be granted. Braun's claims against the EEOC will be dismissed with prejudice. In addition, the Court agrees that this District is not a proper venue for Braun's remaining claims against DOI and the Secretary of the Interior. Therefore, the case will be transferred to the District of New Mexico.

**I.     Background**

Braun's Complaint appears to assert claims against DOI and the Secretary of the Interior under various federal statutes and regulations, including: Title VII of the Civil Rights Act of 1964 ("Title VII"); the Rehabilitation Act of 1973 ("Rehabilitation Act"), and specifically 29 U.S.C. § 791; the Civil Service Reform Act of 1978 ("CSRA"), specifically 5 U.S.C. §§ 2301(b) and 2302; 5 U.S.C. § 2108; 5 U.S.C. § 3330;[2] 5 U.S.C. § 7203; the Americans with Disabilities Act of 1990; criminal statutes dealing with false statements (18 U.S.C. § 1001), perjury (18 U.S.C. § 1621), and improper disclosure of confidential information (18 U.S.C. § 1905); two executive orders, Executive Order 12,674 and Executive Order 13,518; and 5 C.F.R. § 2635.100(11) and (13). *See* ECF No. 1 ("Compl.") at 3.

Braun also asserts claims against the EEOC for violations of its procedures (namely, EEOC Management Directive 110, the EEOC Judges' Handbook, and 29 C.F.R. § 1614.109(a) and (g)); violations of Federal Rule of Civil Procedure 7(b)(1)(A)-(C); and for criminally obstructing an agency proceeding, 18 U.S.C. § 1505. *See* Compl. at 3.

Braun alleges that he is a veteran with disabilities arising from his military service. *See id.* at 4-5. In December 2009, DOI posted a job announcement for an Audiovisual Specialist in Albuquerque. *Id.* at 4. Braun claims that the job posting was fraudulent because it inaccurately

---

[2] It is possible that Braun intended to invoke 5 U.S.C. § 3330a, a section of the Veterans Employment Opportunities Act of 1998.

described the position. *Id.* According to Braun, once he arrived at his new job, he was improperly trained in his unexpected new duties and "set[] up" to fail. *Id.* at 5. He further alleges that DOI made no effort to accommodate his disabilities and that he was subjected to harassment and a hostile work environment, which included being berated in front of other employees. *See id.* at 4-6. He alleges he was terminated on November 23, 2010. *Id.* at 6.

After his employment ended, Braun sought administrative relief for this alleged misconduct.[3] Braun's claims were heard by an administrative judge, who granted summary judgment in favor of DOI on April 14, 2014. *See* Transfer Mot. at 77. On May 5, 2014, DOI adopted the administrative judge's decision and determined that no discrimination had occurred. *See id.* at 70. Braun subsequently appealed to the EEOC, which affirmed the DOI's order on July 13, 2016. *See id.* at 21-25. The EEOC denied reconsideration on September 20, 2016. *See id.* at 9-11.

Braun was dissatisfied with the EEOC's handling of the case, and wrote several letters expressing his dissatisfaction to representatives in Congress. *See id.* at 27-55. In particular, Braun complained that the administrative judge had failed to rule on his motions, tampered with evidence, and obstructed justice. *See, e.g.*, *id.* at 48. At one point, Braun reported his concerns to Federal Bureau of Investigation, which, according to Braun, failed to take them seriously. *See id.* at 51-52. Braun makes similar allegations in the Complaint, including that the administrative judge and the EEOC ignored his arguments, improperly limited his discovery requests, obstructed and slow-walked his case, and "gave the unwavering impression to the Plaintiff that

---

[3] While the Complaint does not describe these administrative proceedings in detail, Braun has filed documents related to these proceedings in connection with another motion. *See* ECF No. 2 ("Transfer Mot."). All citations to that motion and its attachments will use the page numbers generated by ECF.

3

they were protecting the US Department of the Interior by its [sic] lack of action, lack of ethics and attitude." Compl. at 7-8.

Defendants have moved to dismiss the claims against the EEOC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 17. Defendants also argue that venue is improper with respect to the remaining claims against DOI and the Secretary of the Interior, and that these claims should either be dismissed or transferred to the District of New Mexico pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). *See* ECF No. 17. Defendants have submitted a declaration from a DOI employee stating that Braun was employed in New Mexico and that his Official Personnel Folder was "located" in Herndon, Virginia, until 2011, when it was sent to the National Archives in Valmeyer, Illinois. *See* ECF No. 17-1 ("Carruthers Decl.").

The Court also ordered the parties to make a supplemental submission on whether venue would be proper in the Eastern District of Virginia. In their submission, Defendants argue that venue cannot lie in the Eastern District of Virginia. They further assert that at least two important witnesses are located in the District of New Mexico, and urge the Court to transfer the action there. *See* ECF No. 37 at 1-2. Braun has filed two responses to the Court's order. In the first, Braun states that his preference is to continue litigating the case in this Court, but that the Eastern District of Virginia would also be a convenient venue for him. *See* ECF No. 38 at 4-6. In the second, Braun provides additional reasons why the Eastern District of Virginia would be a proper forum. ECF No. 42. Specifically, Braun argues that records relating to his employment were located in Virginia when he brought his administrative claims, which, he asserts, means that venue is proper there under 42 U.S.C. § 2000e-5(f)(3). *See* ECF No. 42 at 3-4.

4

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests whether a plaintiff has properly stated a claim." *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015). "A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor." *Id.* Nonetheless, the complaint must set forth enough facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]lthough a pro se complaint 'must be construed liberally, the complaint must still present a claim on which the Court can grant relief.'" *Untalasco v. Lockheed Martin Corp.*, 249 F. Supp. 3d 318, 322 (D.D.C. 2017) (quoting *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

If venue is improper, the court must either dismiss the action or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). While "'the defendant must present facts that will defeat the plaintiff's assertion of venue'" to prevail on a Rule 12(b)(3) motion, "the burden remains on the plaintiff to establish that venue is proper." *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012) (quoting *Wilson v. Obama*, 770 F. Supp. 2d 188, 190 (D.D.C. 2011)). Even though *pro se* plaintiffs' pleadings must be liberally construed, the Court "cannot relieve [them] of this burden merely because they are acting without the benefit of counsel." *King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 134 (D.D.C. 2016). "In reviewing such a motion, the Court 'accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor.'" *Slaby*, 901 F. Supp. 2d at 132 (quoting *Wilson*, 770 F. Supp. 2d at 190). "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the

pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case." *Id.* (quoting *Ebron v. Dep't of Army*, 766 F. Supp. 2d 54, 57 (D.D.C. 2011)).

## III. Analysis

The Court will first analyze Defendants' motion to dismiss the claims against the EEOC under Rule 12(b)(6), and then turn to their motion to dismiss or transfer the remaining claims against DOI and the Secretary of the Interior under Rule 12(b)(3) and 28 U.S.C. § 1406(a).

### A. Claims Against the EEOC

As Defendants correctly argue, "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam). This "analysis is equally applicable to allegations of improper handling of a complaint by the EEO office of a federal agency, which provides a function analogous to the EEOC." *Koch v. White*, 967 F. Supp. 2d 326, 336 (D.D.C. 2013). Rather, if a federal employee believes that his administrative employment-discrimination claim was mishandled, his remedy is to file an employment-discrimination suit against the relevant agency in federal district court. *See id.* All of Braun's claims against the EEOC are based on allegations of misconduct by the administrative judge and the EEOC in handling Braun's discrimination claims. *See* Compl. at 7-8. Braun therefore does not assert a valid cause of action against the EEOC, and so those claims must be dismissed.

### B. Claims Against DOI and the Secretary of the Interior

Defendants assert that the only claims properly pleaded by Braun arise under the Rehabilitation Act.[4] They argue that those claims are subject to the venue provisions of 42 U.S.C. § 2000e-5(f)(3), pursuant to which venue is not proper in this District. The Court agrees that venue is not proper here, and will grant Defendants' request to transfer the case—including Braun's remaining Rehabilitation Act claims against DOI and the Secretary of the Interior, as well as any non–Rehabilitation Act claims against those Defendants—to the District of New Mexico.

#### 1. Braun's Rehabilitation Act Claims

Rehabilitation Act claims are governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). *See, e.g.*, *Slaby*, 901 F. Supp. 2d at 132. Under that provision, Title VII and Rehabilitation Act claims:

> may be brought [i] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [ii] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [iii] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [iv] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Venue is proper under the fourth, residual prong of the statute "[o]nly if the defendant is not found within any of [the first three] districts." *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 18 (D.D.C. 2013).

---

[4] Defendants suggest in a footnote that Braun's non–Rehabilitation Act claims should be dismissed for failure to exhaust administrative remedies. *See* ECF No. 17 at 3 n.2. However, Defendants have not moved to dismiss on that ground.

Braun argues that venue can and should lie in this District because his EEOC appeal was processed here, and because it would be a burden on him to litigate the case in New Mexico when he resides in Virginia. *See* ECF No. 23 at 4-5. Under the statute, the only possible relevance of these arguments is that certain records related to Braun's employment may have found their way to the District of Columbia in the course of the EEOC proceedings. However, "[c]ourts in this district have 'rejected the argument that the location where plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong [two] of § 2000e-5(f)(3).'" *Herbert*, 925 F. Supp. 2d at 21 (second alteration in original) (quoting *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 176 (D.D.C. 2011)).

Braun also suggests that venue is proper in this District under prong four of the statute because DOI's principal office is located here. *See* ECF No. 23 at 5. But that prong does not apply to this case. Under the plain language of § 2000e-5(f)(3), venue under the first and third prongs is proper in the District of New Mexico, the place where Braun was employed during the alleged misconduct. And because DOI can be found in New Mexico, it is plain that the fourth, residual prong of the statute does not apply. Therefore, Braun's arguments are unavailing, and the Court agrees with Defendants that venue does not lie in this District.

Given that venue is improper here, the Court must consider whether and where to transfer the case. "Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." *James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002). Given that Defendants have presented no argument for why dismissal would be preferable, *see* ECF No. 17 at 6, the Court concludes that transfer to a proper venue is the more appropriate path forward.

As discussed above, it is clear that venue is proper in the District of New Mexico under prongs one and three of the statute. Less clear is venue under prong two, which is proper in the "judicial district in which the employment records relevant to such practice are maintained and administered." Prong two could potentially support venue in one of two additional jurisdictions.

The first possibility is the Southern District of Illinois, where the relevant employment records are now archived. *See* Carruthers Decl. But courts in this District have disagreed on whether venue would be proper there. One court has held that, when a plaintiff's records were moved to storage after her employment, they were not "maintained and administered" at the storage location for purposes of the statute. *See Saran v. Harvey*, No. 04-cv-1847 (JDB), 2005 WL 1106347, at *4 (D.D.C. May 9, 2005). Other courts, however, have disagreed, reasoning that the statute speaks in the present tense and holding on that basis that the place where the records were archived provided a venue under prong two. *See, e.g.*, *Jyachosky v. Winter*, No. 04-cv-01733 (HHK), 2006 WL 1805607, at *3 n.2 (D.D.C. June 29, 2006). Ultimately, however, the Court does not need to decide that issue, because neither party has expressed an interest in litigating this case in the Southern District of Illinois.

The other potential venue under prong two is the Eastern District of Virginia, where the records were previously located during Braun's employment. *See* Carruthers Decl. But in light of the facts as they stood when Braun filed suit, it is doubtful whether venue lies there. The statute authorizes venue where the relevant records "are maintained and administered," but Braun's records are not presently there, and have not been at any time during this lawsuit. *Saran* could be read as implicitly blessing venue there, since the court in that case declined to recognize venue in the district to which the records had been sent for archival purposes. However, the court did not reach the issue because the records in that case had been located in Germany

9

(outside any judicial district) during the plaintiff's employment. *See* 2005 WL 1106347, at *4. In the end, neither party has brought to the Court's attention a case that squarely supports venue in the Eastern District of Virginia on the facts here.

Therefore, in light of all of the above, the Court will transfer the case to the District of New Mexico. Although transfer there may be somewhat inconvenient for Braun, it is the only district in which venue clearly lies. Moreover, it is the only venue with a meaningful nexus to the facts of the case. The events related to Braun's employment allegedly took place there, and Defendants have proffered that at least two important witnesses are located there. Therefore, the Court finds that it is in the interest of justice to transfer the case to the District of New Mexico.

### 2. Braun's Non–Rehabilitation Act Claims

Braun invokes a large number of other statutes and authorities to support his claims against DOI and the Secretary of the Interior. For many of these authorities, in particular the criminal statutes that Braun cites, it is doubtful that he has a valid cause of action. *See, e.g.*, *Lee v. USAID*, 859 F.3d 74, 78 (D.C. Cir. 2017) (per curiam) (holding there is no private cause of action under 18 U.S.C. § 1001). For others, such as the CSRA, it appears that this Court may lack subject matter jurisdiction. *See, e.g.*, *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (holding district courts generally lack jurisdiction under the CSRA). And Defendants suggest that all of these claims should be dismissed for failure to exhaust administrative remedies. *See* ECF No. 17 at 3 n.2. However, because Defendants have moved to dismiss these claims only for improper venue, the Court will not address those other possible grounds to dismiss. *See, e.g.*, *Shay v. Sight & Sound Sys., Inc.*, 668 F. Supp. 2d 80, 82 (D.D.C. 2009) (holding that district courts may address motion to transfer for improper venue before jurisdictional issues).

"[T]he authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls." *Munoz v. England*, No. 05-cv-2472 (CKK), 2006 WL 3361509, at *7 (D.D.C. Nov. 20, 2006); *see also Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 6 (D.D.C. 2013) ("[E]ven when only some of the claims in the complaint arise under Title VII, courts regularly transfer the entire case if they find venue for the Title VII claims to be improper."). In other words, a plaintiff cannot make an end-run around the Title VII venue statute by piling additional causes of action on top of his Title VII claims. The same result obtains for Rehabilitation Act claims governed by Title VII's venue provision. *See Gardner v. Mabus*, 49 F. Supp. 3d 44, 47-48 (D.D.C. 2014) (transferring entire case when venue was improper for Title VII and Rehabilitation Act claims). Therefore, the entire case—including any other claims Braun has asserted against DOI and the Secretary of the Interior—will be transferred to the District of New Mexico.

## IV. Conclusion and Order

For the reasons set forth above, it is hereby **ORDERED** that Defendants' Motion to Dismiss or Transfer is **GRANTED**. Braun's claims against the EEOC are **DISMISSED WITH PREJUDICE**, and the case (including all of Braun's remaining claims against DOI and the Secretary of the Interior) shall be **TRANSFERRED** to the U.S. District Court for the District of New Mexico. It is **FURTHER ORDERED** that Secretary of the Interior Ryan Zinke shall be substituted for Defendant Sally Jewell pursuant to Federal Rule of Civil Procedure 25(d).

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 13, 2018